TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2467
Facsimile: (213) 894-7819
E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AL OTRO LADO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | No. CV 21-03462 CAS (MAAx)<br><br>*EX PARTE* APPLICATION TO EXTEND TIME FOR FEDERAL DEFENDANTS TO ANSWER, PLEAD, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITES; AND DECLARATION OF PAUL B. LA SCALA<br><br>[No hearing date required]<br><br>Complaint served: June 29, 2021<br>Current response date: July 29, 2021<br>Proposed new response date: September 27, 2021<br><br>Hon. Christina A. Snyder<br>United States District Judge |

## EX PARTE APPLICATION

Pursuant to Central District Local Rule 7-19.1, defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Homeland Security, Office of Civil Rights and Civil Liberties ("CRCL"), U.S. Citizenship and Immigration Services, ("USCIS"), and U.S. Immigration and Customs Enforcement ("ICE")[1], hereinafter referred to collectively as "Defendants," hereby apply e*x parte* for an order extending the time for Defendants to answer, plead or otherwise respond to Plaintiff's Complaint by sixty (60) days. In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., Plaintiff seeks disclosure of documents allegedly improperly withheld by Defendants in response to Plaintiff's multiple FOIA requests for documents related to alleged ICE activities at facilities in Natchez, Mississippi, and Winnfield, Louisiana. *See* Dkt. 1, at 2.

This *ex parte* application is made to allow additional time for Defendants to compile the administrative records in regard to the various FOIA requests at issue in this case, to determine whether the FOIA requests have been exhausted, and to prepare an appropriate response to Plaintiff's Complaint. *See* attached Declaration of Paul B. La Scala ("La Scala Dec."), ¶ 3. There have been no prior requests for extensions of time in this case. La Scala Dec., ¶ 4.

**URGENCY:** This Order is sought by means of an *ex parte* application because the current responsive pleading deadline is July 29, 2021, at the earliest. Plaintiff submitted proof of service of all defendants on July 23, 2021. *See* Dkt. 31. Defendants were served on various dates between June 28, 2021 and July 2, 2021, and the United States Attorney's Office for the Central District of California ("USAO") was served on June 29, 2021. *Id.* As further explained in the accompanying Memorandum of Points and Authorities, the USAO did not become aware of service until Monday, July 26,

---

[1] Pursuant to 5 U.S.C. § 552, government agencies are the only proper defendants in a suit under the Freedom of Information Act. Moreover, "agency" is defined as "any executive department …." 5 U.S.C. § 552(f)(emphasis added). Accordingly, DHS is the only proper party to this FOIA action.

2021, and has been unable to contact all of the Defendants in this action as of the filing of this *ex parte* application.

Defendants submit this *ex parte* application for additional time to respond to the Complaint as well as to continue to produce (on a rolling basis) documents responsive to Plaintiff's FOIA requests. Defendants estimate that it will complete its production of documents within the next sixty days, which may effectively render this action moot. La Scala Dec., ¶¶ 5. Defendants request, therefore, a sixty-day extension, to and through September 27, 2021, to respond to Plaintiff's Complaint. At the current time, defense counsel does not anticipate having sufficient information regarding Plaintiff's multiple FOIA requests to prepare a responsive pleading on behalf of all Defendants prior to the current responsive pleading (i.e., on or about July 29, 2021). Accordingly, an *ex parte* application is appropriate. *See, e.g., Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995).

**NOTICE:** On July 27, 2021, defense counsel spoke with Plaintiff's counsel, Jeremy Jong and Sasha Novis, via telephone. La Scala Dec., ¶ 6. After discussing the matters set forth in this *ex parte* application, Plaintiff's counsel stated that they opposed an extension of time to respond to the Complaint, even though Defendants have not requested a previous extension of time. *Id*. According to the Court's Notice to Counsel (Dkt. 14), Plaintiff is hereby notified that it has "48 hours from the date of delivery of the moving papers to file and serve their opposition papers, if any."

Dated: July 27, 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Paul B. La Scala*

PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an action brought by Plaintiff pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking documents allegedly improperly withheld by the Defendants in response to Plaintiff's multiple FOIA requests related to alleged ICE activities at facilities in Natchez, Mississippi, and Winnfield, Louisiana. *See* Dkt. 1, at 2. FOIA generally provides that any person has a right to obtain access to federal agency records, except to the extent such records are protected from public disclosure by one of nine exemptions. 5 U.S.C. § 552(b). Here, Plaintiff alleges that Defendants failed to respond to Plaintiff's six separate FOIA requests, directed to three different components within DHS. Dkt. 1, at 12-13.

Defendants seek an extension of time to answer, plead, or otherwise respond in this case to allow Defendants time to compile the administrative records for each of the FOIA requests, respond further to Plaintiff's FOIA requests, and to prepare an appropriate response to the Complaint. La Scala Dec., ¶ 3. Although this is Defendants' first request for an extension of time, Plaintiff has refused to agree to any extension. La Scala Dec., ¶¶ 4, 6.

## II. STATEMENT OF FACTS

Plaintiff filed the Complaint on April 22, 2021. Dkt. 1. On the same day, Plaintiff filed 60-day summonses. See, e.g., Dkt. 4, 19. This was an error because an agency only has 30 days from the date of service to answer a FOIA complaint. *See* 5 U.S.C. § 552(a)(4)(C)). Three notices of clerical error were filed on June 4, 2021, and each stated: "The summons was issued for 60 days instead of 30 days and will be re-issued 6/4/2021." Dkt. 23-25.

Due to confusion caused by the different summonses, Defendants' counsel arranged to speak with Plaintiff's counsel on June 24, 2021. La Scala Dec., ¶ 7. Plaintiff's counsel confirmed that Plaintiff will be serving the Complaint with the 30-day summons and that Defendants' responsive pleading deadline will run from the service of

those summons. *Id*. Defendants' counsel noted during the call that, on June 2, 2021, USCIS responded to the FOIA request directed at it, produced 315 pages, withheld 42 pages, and referred 453 pages to ICE. *Id*. Defendants' counsel indicated that this production should moot the case as to USCIS, but Plaintiff's counsel argued that USCIS should not have referred pages to ICE and planned to file an appeal on this ground. *Id*.

On July 6, 2021, Defendants' counsel emailed Plaintiff's counsel that ICE had located records responsive to Plaintiff's FOIA requests and is processing those records, including the records referred by USCIS, with a production to begin about the second week of August. La Scala Dec., ¶ 8. Plaintiff's counsel acknowledged the email but did not mention that Plaintiff had served the Complaint with the 30-days summons. *Id*.

On July 19, 2021, Defendants' counsel again followed up with Plaintiff's counsel by email to provide an update on the status of the production, which was still scheduled to begin about the second week of August and should be completed by September. Defendants' counsel also mentioned that he was unaware that the Complaint and 30-day summons has been served on the USAO and expressed his hope that Plaintiff's counsel would hold off on service so that this matter could be resolved informally. La Scala Dec., ¶ 9. On July 23, 2019, Plaintiff's counsel responded that the USAO was served on June 29, 2021. La Scala Dec., ¶ 10. In a subsequent email, Plaintiff indicated that he would not consent to extend the responsive pleading deadline. *Id*. Plaintiff also filed a Proof of Service of Summons on July 23, 2021. Dkt. 31.

On July 26, 2021, Defendants' counsel confirmed that the USAO had been served on June 29, 2021. Because the Complaint has previously been served with an erroneous 60-day summons, the docketing team at the USAO did not appreciate that the Complaint needed to be re-circulated for purposes of calendaring a new responsive pleading deadline. Instead, the docketing team placed a copy of the Complaint in Defendants' counsel's office mailbox even though counsel continues to work remotely under the USAO's pandemic policies. La Scala Dec., ¶ 11. On the same day, Defendant's counsel asked Plaintiff's counsel for opportunity to speak further about the responsive pleading

deadline and to notify Plaintiff's counsel that if the parties could not reach an informal resolution, Defendants would apply *ex parte* for relief from the current responsive pleading deadline. La Scala Dec., ¶ 12.

On July 27, 2021, counsel for the parties spoke about the responsive pleading deadline. Defendants' counsel explained that there was an irregularity in the USAO docketing system due to the confusion from the 60-day summons. He also explained that he has not been able to reach one of his clients as to whether a responsive pleading could be filed by July 29, 2021. La Scala Dec., ¶ 6. Plaintiff's counsel, Jeremy Jong, responded that "there's been too much delay in this case" and refused to agree to extend Defendants' responsive pleading deadline. *Id*.

## III. ARGUMENT

### A. Good Cause Exists For Granting This Application.

Generally speaking, *ex parte* relief requires a showing that (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard by a regularly noticed motion and (2) the reason necessitating *ex parte* relief was (a) not the moving party's fault or (b) the result of excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Here, Defendants cannot request an extension of time to respond to the complaint by a regularly noticed motion because a responsive pleading is due on or about July 29, 2021. Defendants' counsel first confirmed this responsive pleading deadline on July 26, 2021. La Scala Dec., ¶ 11. If Defendants' production of documents in response to Plaintiffs' FOIA requests do not resolve this matter informally, Defendants may seek relief under Fed. R. Civ. P. 12(b) on the grounds that Plaintiff lacks standing to bring this action, has served improper parties, and has not properly effected process as to one or more of the defendants. La Scala Dec., ¶ 13. Defendants' counsel is still trying to make contact with assigned counsel for DHS to determine whether the FOIA request was ever received, whether the agency was properly served with the Plaintiff's Complaint, and accordingly, whether an answer or a Rule 12(b) motion should be made. La Scala Dec.,

¶ 14. And given that Defendants' intend to produce additional documents in response to Plaintiffs' FOIA request, it would be a waste of the Court's and the parties' resources to engage in motion practice at this juncture.

**B. The Court Should Exercise Its Discretion To Continue The Deadlines In This Case.**

Under Fed. R. Civ. P. 6(b), the Court has the discretion to enlarge periods of time established by the rules or by a prior court order. *See, e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583 (1st Cir. 1994) (the trial court has complete discretion grant or deny requests for enlarged time to respond to a motion). The courts liberally grant requests for enlargement of time when good cause for such enlargement is apparent. *See, e.g.*, 1 Moore's Federal Practice, § 6.06[1] *et seq.* (Matthew Bender, 3rd Ed.). Here, good cause exists to extend the time for Defendants to answer, plead, or otherwise respond to Plaintiff's Complaint to allow for an opportunity to resolve this matter informally without the resort to law-and-motion practice and discovery. *Id.*

Therefore, Defendants respectfully request that the Court exercise its discretion here by extending the usual time for Defendants to answer, plead, or otherwise respond to Plaintiff's FOIA Complaint, to and including September 27, 2021.

Dated: July 27, 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division

*/s/ Paul B. La Scala*

PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendants

**DECLARATION OF PAUL B. LA SCALA**

PAUL B. LA SCALA declares as follows:

1. I am an Assistant United States Attorney for the Central District of California, and the attorney assigned to represent defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Homeland Security, Office of Civil Rights and Civil Liberties ("CRCL"), U.S. Citizenship and Immigration Services, ("USCIS"), and U.S. Immigration and Customs Enforcement ("ICE")[2] in this action entitled: Al Otro Lado, Inc. v. Immigration and Customs Enforcement, *et al.*, Case No. CV 21-03462 CAS (MAAx).

2. I make this declaration based upon my personal knowledge and that gained by review of the official files and records of the United States Attorney's Office for the Central District of California ("USAO"). If called as a witness and placed under oath, I could and would testify thereto.

3. Defendants seek an extension of time to answer, plead, or otherwise respond in this case to allow Defendants time to compile the administrative records in regard to the various FOIA requests at issue in this case, to determine whether the FOIA requests have been exhausted, and to prepare an appropriate response to Plaintiff's Complaint.

4. This is Defendants' first request for an extension of time.

5. Defendants estimate that it will complete its production of documents within the next sixty days, which may effectively render this action moot.

6. On July 27, 2021, I spoke with Plaintiff's counsel, Jeremy Jong and Sasha Novis, via telephone. I explained that there was an irregularity in the USAO docketing system due to the confusion from the 60-day summons. I also explained that he has not been able to reach one of my clients (DHS) as to whether a responsive pleading could be

[2] Pursuant to 5 U.S.C. § 552, government agencies are the only proper defendants in a suit under the Freedom of Information Act. Moreover, "agency" is defined as "any executive department …." 5 U.S.C. § 552(f)(emphasis added). Accordingly, DHS is the only proper party to this FOIA action.

filed by July 29, 2021. Plaintiff's counsel, Jeremy Jong, responded that "there's been too much delay in this case" and refused to agree to extend Defendants' responsive pleading deadline, even though Defendants have not requested a previous extension of time.

7. Due to confusion caused by the different summonses, I arranged to speak with Plaintiff's counsel, Jeremy Jong and Sasha Novis, on June 24, 2021. Plaintiff's counsel confirmed that Plaintiff will be serving the Complaint with the 30-day summons and that Defendants' responsive pleading deadline will run from the service of those summons. I noted during the call that, on June 2, 2021, USCIS responded to the FOIA request directed at it, produced 315 pages, withheld 42 pages, and referred 453 pages to ICE and that this production should moot the case as to USCIS, but Plaintiff's counsel argued that USCIS should not have referred pages to ICE and planned to file an appeal on this ground.

8. On July 6, 2021, I emailed Plaintiff's counsel that ICE had located records responsive to Plaintiff's FOIA requests and is processing those records, including the records referred by USCIS, with a production to begin about the second week of August. Plaintiff's counsel acknowledged the email but did not mention that Plaintiff had served the Complaint with the 30-days summons.

9. On July 19, 2021, I again followed up with Plaintiff's counsel by email to provide an update on the status of the production, which was still scheduled to begin about the second week of August and should be completed by September. I also mentioned that I was unaware that the Complaint and 30-day summons has been served on the USAO and expressed my hope that Plaintiff's counsel would hold off on service so that this matter could be resolved informally.

10. On July 23, 2019, Plaintiff's counsel responded that the USAO was served on June 29, 2021. In a subsequent email, Plaintiff's indicated that he would not consent to extend the responsive pleading deadline.

11. On July 26, 2021, I confirmed that the USAO had been served on June 29,

2021. Because the Complaint has previously been served with an erroneous 60-day summons, the docketing team had previously calendared a responsive pleading deadline based on the erroneous 60-day summons. The docketing team at the USAO did not appreciate that the Complaint needed to be re-circulated for purposes of calendaring a new responsive pleading deadline. Instead, the docketing team placed a copy of the Complaint in my office mailbox even though I have continued to work remotely under the USAO's pandemic policies.

12. On July 26, 2021, I asked Plaintiff's counsel for opportunity to speak further about the responsive pleading deadline and to notify Plaintiff's counsel that if the parties could not reach an informal resolution, Defendants would apply *ex parte* for relief from the current responsive pleading deadline.

13. If Defendants' production of documents in response to Plaintiffs' FOIA requests do not resolve this matter informally, Defendants may seek relief under Fed. R. Civ. P. 12(b) on the grounds that Plaintiff lacks standing to bring this action, has served improper parties, and has not properly effected process as to one or more of the defendants.

14. Since July 26, 2021, I have been trying to make contact with assigned counsel for DHS to determine whether the FOIA request was ever received, whether the agency was properly served with the Plaintiff's Complaint, and accordingly, whether an answer or a Rule 12(b) motion should be made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed under penalty of perjury this 28th day of July 2021, at Los Angeles, California.

*/s/ Paul B. La Scala*

PAUL B. LA SCALA