TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467
    Facsimile: (213) 894-7819
    E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AL OTRO LADO,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. DEPARTMENT OF HOMELAND SECURITY OFFICE FOR CIVI LRIGHTS AND CIVIL LIBERTIES, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>    Defendants. | No. CV 21-03462-CAS(MAAx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Declaratory Evidence and Proposed Order filed concurrently]<br><br>Hearing Date: October 4, 2021<br>Hearing Time: 10:00 a.m.<br>Ctrm: 8D<br><br>Hon. Christina A. Snyder<br>United States District Judge |

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

PLEASE TAKE NOTICE that, on October 4, 2021 at 10:00 a.m., as soon thereafter as they may be heard, defendants U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties, U.S. Citizenship and Immigration Services will, and hereby do, bring a Motion to Dismiss Plaintiff's Complaint before the Honorable Christina A. Snyder, United States District Judge, located at Courtroom 8D of the First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012.

Defendants move to dismiss this action with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) on the grounds that the Court lacks subject matter jurisdiction over Defendants because Plaintiff did not file a request for information with Defendants under the Freedom of Information Act, 5 U.S.C. § 552, and therefore lacks standing to file suit.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the declarations filed concurrently with this motion, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at or before the hearing of this motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on August 10, 2021.

Dated: August 30, 2021              Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney
                                    DAVID M. HARRIS
                                    Assistant United States Attorney
                                    Chief, Civil Division
                                    JOANNE S. OSINOFF
                                    Assistant United States Attorney
                                    Chief, General Civil Section

                                    /s/ Paul B. La Scala
                                    PAUL B. LA SCALA
                                    Assistant United States Attorney

                                    Attorneys for Defendants

i

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff Al Otro Lado, a non-profit organization based in California, alleges that defendants U.S. Department of Homeland Security ("DHS"), U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties ("DHS CRCL"), U.S. Citizenship and Immigration Services ("USCIS"), and U.S. Immigration and Customs Enforcement ("ICE") have not responded to Plaintiff's FOIA requests, dated February 1-3, 2021. But Plaintiff did not make FOIA requests to these agencies. Because the Court lacks subject matter jurisdiction, Plaintiff's complaint should be dismissed with prejudice.

## II. BACKGROUND

### A. Allegations in the Complaint

Plaintiff is a non-profit organization "based primarily in Los Angeles, California." Dkt. 1 (Complaint), ¶ 7. Plaintiff's website identifies mailing addresses in San Ysidro and Maywood, California. *See* https://alotrolado.org (last visited on Aug. 27, 2021). Plaintiff's website also identifies Jeremy Jong as "a Staff Attorney at Al Otro Lado" but does not identify where his office is located. *See* https://alotrolado.org/our-team (last visited on Aug. 27, 2021). On the last page of the complaint, Mr. Jong is identified as "*Counsel for Petitioner*" with a P.O. Box in Maywood, California. Dkt. 1, at 16.

Plaintiff alleges that it sent four "FOIA email to ICE" on February 1 and 2, 2021, one "FOIA email to DHS CRCL" about the Adams County Detention Center on February 1, 2021, and one "FOIA email to USCIS" regarding the "complete A file of Anthony Jones" on February 3, 2021. Dkt. 1, ¶¶ 17, 19, 21, 23, 25, 27. Plaintiff alleges that ICE acknowledged receipt of the four FOIA requests (Dkt. 1, ¶¶ 18, 20, 22, 24) but does not allege that DHS CRCL or USCIS acknowledged receipt of a FOIA request by Plaintiff.

**B.     DHS CRCL did not receive a FOIA request from Plaintiff.**

After the filing of the complaint, Plaintiff's counsel provided a printout from muckrock.com indicating that the FOIA email to DHS CRCL was sent to "crcl@dhs.gov" by "[redacted]@requests.muckrock.com" on February 1, 2021. Declaration of Paul La Scala ("La Scala Decl."), ¶ 2, Ex. A. The "crcl@dhs.gov" address is not a FOIA inbox. At that time and as a courtesy, the recipient at that address forwarded any FOIA-related correspondence to the DHS Privacy Office. The DHS Privacy Office handled all FOIA requests to DHS, including DHS CRCL, in February 2021. Declaration of Catrina M. Pavlik-Keenan ("Pavlik-Keenan Decl."), ¶¶ 3-4.

In response to the filing of this litigation, DHS checked its records for a FOIA request by "Al Otro Lado" regarding Adams County Detention Center but could not locate a request. Pavlik-Keenan Decl., ¶¶ 3, 5. DHS concluded that Plaintiff attempted to file a FOIA request but failed to submit it. DHS provided a user name and temporary password, but the requestor did not complete the necessary steps to create a profile and make a FOIA request. If Plaintiff had generated a profile and submitted a request, Plaintiff would have received an autogenerated email acknowledging the request and providing a tracking number. Pavlik-Keenan Decl., ¶ 6. Plaintiff does not have an autogenerated email from DHS. La Scala Decl., ¶ 4.

**C.     USCIS received a FOIA request from Jeremy Jong through MuckRock News.**

On February 3, 2021, USCIS received a digitally-submitted FOIA request via FIRST (FOIA Immigration Records SysTem), which can be accessed online through a registered USCIS account. Declaration of Jennifer Piateski ("Piateski Decl."), ¶ 6. The contact's full name provided in the February 2021 Digital Request was Jeremy Jong, and the mailing address for the requestor was MuckRock News DEPT MR 107609 at an address in Massachusetts. The field in which to enter the name of the organization was left blank. The means of contact provided by the requester included only an email address ending with @requests.muckrock.com. Piateski Decl., ¶ 12. Attached to the

1  Digital Request is an unsigned G-639 form, dated January 28, 2020, which provides
2  different information. The requestor did not provide a name but identified as "An
3  Attorney" for the subject of the record, which in this case is Anthony Jones. The
4  requestor provided a mailing address and phone numbers in Louisiana and an email
5  address ending with "@alotrolado.org." Piateski Decl., ¶ 13, Ex. A.
6       On February 4, 2021, USCIS acknowledged the FOIA request by releasing to his
7  online account a letter addressed to "Jong Jeremy, MuckRock News DEPT MR 107609"
8  at an address in Massachusetts. Piateski Decl., ¶ 14. USCIS processed Mr. Jong's FOIA
9  request and released a Final Action Letter with a copy of the responsive documents to
10 Mr. Jong's online account on June 2, 2021. As with previous correspondence, USCIS
11 addressed the Final Action Letter to "Jong Jeremy, MuckRock News DEPT MR
12 107609" at an address in Massachusetts. Piateski Decl., ¶ 16. Mr. Jong complained that
13 he was having trouble downloading the responsive documents and asked that the records
14 be mailed to him at an address in Louisiana. Piateski Decl., ¶¶ 18-22.

**D.   ICE received FOIA requests from Al Lado, a private individual, with MuckRock mailing and email addresses.**

ICE received four FOIA requests like the ones alleged to have been requested by Plaintiff. Declaration of Fernando Pineiro ("Pineiro Decl."), ¶¶ 5-6, Exs. A-B. The "Requester Details" provided to ICE state:

> **Al Lado**
> MuckRock News DEPT MR 107601
> 411A Highland Ave
> Somerville, 02144
> Phone 617-299-1832
> [redacted]@requests.muckrock.com
> Requester Default Category: Private Individual

*Id*. "Al Otro Lado" is referenced once in the closing section of the "Request Information." *Id.* Based on the Requester Details, ICE's correspondence in connection with these FOIA requests was directed to Al Lado at MuckRock News in Massachusetts to an email address ending with @requests.muckrock.com. Pineiro Decl., ¶ 8.

1     ICE is processing the FOIA requests by Al Lado at MuckRock News and expects the production of documents to be completed by September 2021. Pineiro Decl., ¶ 12.

### III. LEGAL STANDARD

The Supreme Court has held that federal courts have jurisdiction only over actual "cases" or "controversies." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). Article III of the Constitution requires a litigant to have standing to invoke the power of a federal court. *Id*. To establish standing, "[a] plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision. *Id*. Courts apply traditional standing doctrine to FOIA cases. *Mahtesian v. U.S. Office of Personnel Mgmt.*, 388 F. Supp. 2d 1047, 1050 (N.D. Cal. 2005); *Unigard Ins. Co. v. U.S. Dep't of Treasury*, 997 F. Supp. 1339, 1341-42 (S.D. Cal. 1997). To establish standing in a FOIA case, plaintiffs must show "that they sought and were denied specific agency records." *Public Citizen v. U.S. Dept. of Justice*, 491 U.S. 440, 449 (1989).

Federal Rules of Civil Procedure 12(b)(1) permits a party to move to dismiss "for lack of subject matter jurisdiction[.]" And Rule 12(h)(3) provides "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." A court "presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise." *Thome v. U.S. Food and Drug Administration*, No. C 11-00676 PSG, 2011 WL 3206910, at *1 (N.D. Cal., July 27, 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Dismissals for lack of standing are with prejudice. *See Thome*, *supra*, at *3; *Unigard*, *supra*, 997 F. Supp. at 1343.

The party invoking federal jurisdiction, in this case, Plaintiff, bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Barragan v. Board of Governors of the Federal Reserve System*, 2012 WL 1535820, at *1 (C.D. Cal. 2012). "When considering a Rule 12(b)(1) motion challenging the substance of

4

jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction." *Barragan, supra*, at *1 (citing *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988).)

## IV. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF STANDING.

### A. DHS and DHS CRCL did not withhold records responsive to Plaintiff's FOIA request because Plaintiff never made a request.

Plaintiff alleges that it "properly asked for records within the possession, custody, and control of DHS and its CRCL" regarding the Adams County Detention Center on February 1, 2021. Dkt. 1, ¶¶ 25, 36. As noted above, the evidence demonstrates otherwise. DHS, on behalf of itself and CRCL, performed an exhaustive search for a FOIA request submitted on February 1, 2021, by "Al Otro Lado" and confirmed that Plaintiff did not make a request on that date – or on any other date – in connection with the Adams County Detention Center. Pavlik-Keenan Decl., ¶¶ 3-6. DHS determined that a requestor profile was started, but the requestor did not complete the necessary steps to create a profile and make a FOIA request. Pavlik-Keenan Decl., ¶ 6.

Plaintiff lacks standing to sue DHS and DHS CRCL because Plaintiff cannot establish it made a FOIA request to DHS or DHS CRCL on February 1, 2021. DHS and DHS CRCL cannot respond to a request that was never made.

### B. Jeremy Jong (not Plaintiff) made a FOIA request to USCIS.

Plaintiff alleges that it "properly requested records within the possession, custody, and control of USCIS" regarding the "complete A file of Anthony Jones" on February 1 or 3, 2021. Dkt. 1, ¶¶ 27, 41. As noted above, USCIS received a FOIA request regarding the complete A file of Anthony Jones on February 3, 2021. But Plaintiff did not make the request. Piateski Decl., ¶¶ 6, 12. Jeremy Jong made the request in his individual capacity. He left blank the "Organization" field in the request form in which he could have identified Plaintiff. Piateski Decl., ¶ 12. To add to the confusion, Mr.

5

Jong identified himself as an attorney for the subject of the records in one of the attachments to his FOIA request, provided a MuckRock email address in his digital submission, informed USCIS that communications regarding the FOIA request could be found at a link to muckrock.com and used mailing addresses in Massachusetts and Louisiana with no apparent connection to Plaintiff's California locations. Piateski Decl., ¶¶ 12-13; 17. And USCIS relied on that information in corresponding with Mr. Jong. Piateski Decl., ¶¶ 14, 16, 21-22.

Plaintiff lacks standing to bring a FOIA action against USCIS regarding the February 2021 FOIA request. Although Mr. Jong is a staff attorney for Plaintiff, Mr. Jong's FOIA request does not indicate that he was seeking information on Plaintiff's behalf. Instead, in an attachment to the digitally-submitted FOIA, he identifies himself as an attorney representing Anthony Jones. "'[C]ourts have found that an attorney must adequately identify that he is making the FOIA request for his client in order for the client to have standing to pursue a FOIA action.'" *Barragan,* 2012 WL 1535820, at *2 (quoting *Three Forks Ranch Corp. v. Bureau of Land Management, Little Snake Field Office*, 358 F.Supp.2d 1, 3 (D.D.C. 2005) (identification of client in FOIA request held insufficient to confer standing where request did not explicitly state that it was being made "on behalf of" the client). *See also Thome*, *supra,* 2011 WL 3206910, at *2 (the plaintiff "has no standing to bring this [FOIA] action," where plaintiff's lawyer, rather than plaintiff, filed the FOIA requests); *Mahtesian*, *supra*, 388 F. Supp. 2d at 1048-50 (reviewing cases and holding that a client who was not identified in a FOIA request made by the client's attorney lacked standing); *Unigard*, *supra*, 997 F. Supp. at 1341 ("[a] person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request").

    **C.**    **Al Lado of MuckRock News (not Plaintiff) made FOIA requests to ICE.**

Plaintiff alleges that it "properly asked for records within the possession, custody, and control of ICE" regarding four FOIA requests on February 1 and 2, 2021. Dkt. 1, ¶¶

17-24, 31. As noted above, ICE acknowledges that it received these FOIA requests. But, again, Plaintiff did not make these requests. *See* Pineiro Decl., ¶¶ 5-6, Exs. A-B. Except for a passing reference to "Al Otro Lado" in the closing section of the "Request Information," the "Requester Details" provided to ICE indicate that Al Lado, a private individual with contact information at MuckRock News, made the request. *Id*.

It is well settled that only the person whose name appears on a FOIA request at the administrative level has standing to file a subsequent action in federal court based on that FOIA request. *McDonnell v. United States*, 4 F.3d 1227, 1237 (3rd Cir. 1993). In *McDonnell*, there was a "passing reference" to the named plaintiff on the FOIA request. *Id*. at 1238, n.6. The Third Circuit held that "a person like [plaintiff] whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place." *Id*. at 1237. Here, because Plaintiff's name does not appear on the ICE FOIA requests, Plaintiff does not have standing to bring this action against ICE.

D.  **Plaintiff cannot cure its lack of standing by amending the complaint.**

Because Plaintiff lacks standing to file suit, it also lacks standing to amend the complaint to add its staff attorney (Jeremy Jong) as the real party in interest under Fed. R. Civ. P. 17 or to join "Al Lado" at MuckRock News as a party pursuant to Fed. R. Civ. P. 21. *Thome*, *supra*, 2011 WL 3206910 at *2. "'A party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action. As a result, 'a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction by amendment when none exists.'" *Id*. (quoting *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466 *3 (N.D. Cal. June 10, 2010)); accord *Unigard*, *supra,* 997 F. Supp. at 1343. Similarly, here, because Plaintiff lacks standing to bring this lawsuit, the Court lacks jurisdiction to grant any motion Plaintiff might subsequently file to cure this jurisdictional defect.

## V. CONCLUSION

For the forgoing reasons, Plaintiff's complaint should be dismissed with prejudice for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

Dated: August 30, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

*/s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Defendants
U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties, U.S. Citizenship and Immigration Services