Jeremy Jong (admitted *pro hac vice*)
Karlyn Kurichety (State Bar No. 313265)
Al Otro Lado, Inc.
P.O. Box 907
Maywood, CA 90270
Telephone: (323) 205-6420
Facsimile: (323) 430-8793
jeremy@alotrolado.org
karlyn@alotrolado.org

Attorneys for Plaintiff Al Otro Lado, Inc.

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-2467
        Facsimile: (213) 894-7819
        E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendant U.S.
Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AL OTRO LADO,<br><br>            Plaintiff,<br><br>      v.<br><br>U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT, *et al.*,<br><br>            Defendants. | No. CV 21-03462-CAS (MAAx)<br><br>**JOINT STATUS REPORT AND STIPULATION TO VACATE DEADLINES AND SET FURTHER STATUS CONFERENCE; SUPPORTING DECLARATION OF PAUL B. LA SCALA**<br><br>Hon. Christina A. Snyder<br>United States District Judge |

Plaintiff Al Otro Lado and defendant U.S. Immigration and Customs Enforcement ("ICE") submit the following status report and, for the reasons set forth herein, jointly stipulate to vacate the current deadlines and to set a further status conference for February 27, 2023, at 11:00 a.m.

## I.    PROCEDURAL HISTORY

By this action, Plaintiff seeks the release of records from ICE under ten separate requests pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* First Amended Complaint ("FAC") (Dkt. 46). ICE filed an answer to the FAC on October 4, 2021.  Dkt. 48.  By the time ICE filed its answer to the FAC, it had already processed 1,677 pages of documents and released 1,020 pages of documents in full or part.  *See* Declaration of Paul B. La Scala ("La Scala Decl.") ¶ 2, attached hereto.

On March 9, 2022, the parties filed a Joint Rule 26(f) report in which ICE explained that it was processing an average of 500 pages of documents per month with approximately 7500 pages of documents remaining to be reviewed.  Dkt. 50 at 10. By the time the parties filed their joint report, ICE had processed 3,375 pages of documents and released 1,929 pages in full or part.  La Scala Decl. ¶ 3.  Based on this production schedule, ICE anticipated providing a final response to Plaintiff's FOIA request by May 31, 2023 and proposed a schedule for cross-motions for summary judgment to be briefed and heard by October 16, 2023. Dkt. 50 at 10, 11.

On March 28, 2022, the Court held a scheduling conference and requested that the parties meet and confer regarding stipulating to dates in this action with the Court's preference for an earlier timeline than the one proposed by the parties in their joint report.  Dkt. 54 at 2.  Subsequently, the parties met and conferred regarding ICE's application of exemptions resulting in removing certain redactions of originally applied to produced documents.  *Id*.  ICE also had been working on expediting the processing of the remaining 7500 pages of documents to be reviewed. ICE processed a total of 3,701 pages between March 28, 2022 and June 6, 2022.  *Id*. at 2-3.  Based on this progress, ICE anticipated that it could complete its production by October 31, 2022, seven months

earlier than the completion date previously projected, and based on this estimate, the parties proposed that the Court enter the following briefing schedule:

| Action | Date Completed |
|---|---|
| Defendant will file and serve a Motion for Summary Judgment and *Vaughn* Index/Declaration(s) | November 30, 2022 |
| Plaintiff will file any Cross-Motion for Summary Judgment and Opposition to Defendant's Motion | December 30, 2022 |
| Defendant will file a Reply/Opposition | January 30, 2023 |
| Plaintiff will file any Reply | February 15, 2023 |
| Hearing on Cross-Motions | March 13, 2023, at 10:00 a.m. |

*Id*. at 3.  On June 28, 2022, the Court entered an order consistent with the parties' proposed briefing schedule and ordered the parties file a Joint Report by June 30, 2022 regarding whether discovery regarding Plaintiff's pattern and practice claim was appropriate.  Dkt. 56. On June 30, 2022, the parties filed a joint report arguing their respective positions regarding discovery. Dkt. 57.

## II.   STATUS UPDATE

As of the date of this status report, ICE has processed 10,725 pages of documents and 7 videos.  La Scala Decl. ¶ 4.  Although the processing of documents is complete, ICE has 7 more videos to process and anticipates releasing the non-exempt portions of 6 of those videos this month and the non-exempt portions of the remaining video (a substantially longer video) by the end of the year.  *Id*. at ¶ 5.  The frame-by-frame analysis of each video and the utilization of relatively new software has made the processing of videos cumbersome and time-consuming.  *Id*.

On November 8 and 10, 2022, counsel for the parties met and conferred to streamline any outstanding issues in an effort to minimize—if not, eliminate—the need for the Court's involvement.  La Scala Decl. ¶ 6.  The parties determined that Plaintiff

3

had not received two document productions through its provider, Muckrock News.  *Id.* at ¶ 7.  ICE subsequently re-produced those productions.  *Id.*  The parties also determined that the best approach to narrowing (if not, eliminating) any issues related to the completeness of ICE's production and any redactions ICE made to the documents produced was to first allow Plaintiff to review the complete production of documents and to identify any concerns about the scope of ICE's search for documents as well as any categorical issues regarding ICE's redaction of documents.  ICE would then respond to those concerns and, if necessary, re-produce documents so that the parties and the Court could work from an updated production of documents.  The parties will then be in a better position to propose next steps in the case.

The parties anticipate proposing a settlement conference with a magistrate judge, to assist in resolving the remaining issues, or alternatively, requesting a schedule for the filing of Vaughn Index/Declarations(s) that will allow for further evaluation of the applied exemptions, followed by the filing of cross-motions for summary judgment.  *Id.* at ¶ 8.  Either process will allow the parties additional time to try to streamline the issues before the Court. The parties do not anticipate a need for expert witnesses or for trial, either by judge or jury, on this matter. The parties submit that this case may be resolved on summary judgment.  Dkt. 54 at 3.

## III.   JOINT STIPULATION TO VACATE DEADLINES AND SET FURTHER STATUS CONFERENCE

IT IS HEREBY STIPULATED by and between Plaintiff and Defendant, through their counsel, subject to the Court's approval, that the deadlines established by the Court's June 28, 2022 Order (Dkt. 56) be vacated, that a further status conference be scheduled in approximately ninety (90) days, on February 27, 2023 at 11:00 a.m., and that the parties file a further Status Report by February 17, 2023.

Good cause exists to approve this stipulation based on the following:

(1)     Now that the rolling release of records has been completed by ICE, as set forth above, the proposed deadlines will allow the parties time to further meet and confer

4

1  to try to resolve any issues regarding the scope of ICE's search and its redaction of
2  documents;

3      (2)    If the parties are unable to resolve all of the remaining issues, the proposed
4  deadlines will allow the parties time to:

5          (a)    Determine whether a settlement conference with a magistrate judge
6      may further streamline or eliminate the issues to be briefed to the Court and
7      schedule a settlement conference;

8          (b)    If necessary, propose a reasonable summary judgment briefing
9      schedule based on the withholdings that remain at issue; and/or

10         (c)    Await any further ruling or deadlines from the Court regarding
11     Plaintiff's request for discovery regarding its pattern and practice claim, or bring a
12     discovery motion before the Magistrate Judge.

13     Based on the foregoing, the parties propose the following schedule:

| EVENT | PROPOSED DATE |
|---|---|
| Status Conference | 2/27/2023 at 11:00 a.m. |
| Status Report due | 2/17/2023 |

        WHEREFORE, the parties respectfully submit this Stipulation to the Court for its
approval.


    Dated:  November 17, 2022          Respectfully submitted,

                                       AL OTRO LADO, INC.


                                        /s/ Jeremy Jong
                                       JEREMY JONG*

                                       Attorneys for Plaintiff
                                       Al Otro Lado, Inc.

1    Dated:  November 17, 2022              E. MARTIN ESTRADA
                                            United States Attorney
2                                           DAVID M. HARRIS
                                            Assistant United States Attorney
3                                           Chief, Civil Division
                                            JOANNE S. OSINOFF
4                                           Assistant United States Attorney
                                            Chief, General Civil Section
5

6
                                             /s/ Paul B. La Scala
7                                           PAUL B. LA SCALA
                                            Assistant United States Attorney
8
                                            Attorneys for Defendant
9                                           U.S. Immigration and Customs Enforcement

10

11        *Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and

12    on whose behalf the filing is submitted, concur in the filing's content and have

13    authorized the filing.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PAUL B. LA SCALA

I, PAUL B. LA SCALA, do hereby declare and state as follows:

1. I am the Assistant United States Attorney responsible for representing defendant U.S. Immigration and Customs Enforcement ("ICE") in this action. I make this declaration based upon my personal knowledge and that gained by review of the official files and records of the United States Attorney's Office, and in consultation with counsel and/or FOIA staff for ICE. If called as a witness and placed under oath, I could and would testify competently thereto.

2. By the time ICE filed its answer to the FAC, it had already processed 1,677 pages of documents and released 1,020 pages of documents in full or part.

3. By the time the parties filed their joint report on March 9, 2022, ICE had processed 3,375 pages of documents and released 1,929 pages in full or part.

4. As of the date of this status report, ICE has processed 10,725 pages of documents and 7 videos.

5. As of the date of this status report, the processing of pages of documents is complete and ICE has 7 more videos to process. ICE anticipates releasing portions of 6 videos this month and portions of the remaining video (a substantially longer video) by the end of the year. The frame-by-frame analysis of each video and the utilization of relatively new software has made the processing of videos cumbersome and time-consuming.

6. On November 8 and 10, 2022, Jeremy Jong (counsel for Plaintiff) and I met and conferred to streamline any outstanding issues in an effort to minimize—if not, eliminate—the need for the Court's involvement.

7. During the conference of counsel this month, Mr. Jong determined that Plaintiff had not received two document productions through its provider, Muckrock News, because Muckrock had changed its address in the interim. ICE subsequently re-produced those productions.

1      8.  As a result of the conference of counsel this month, the parties determined that

2  the best approach to narrowing (if not, eliminating) any issues related to the

3  completeness of ICE's production and any redactions ICE made to the documents

4  produced was to first allow Plaintiff to review the complete production of documents and

5  to identify any concerns about the scope of ICE's search for documents as well as any

6  categorical issues regarding ICE's redaction of documents.  ICE would then respond to

7  those concerns and, if necessary, re-produce the entire production set so that the parties

8  and the Court could work from an updated production of documents.  Depending on the

9  outcome of this effort, the parties will further meet and confer to determine whether to

10  request a mandatory settlement conference with a magistrate judge or to request a

11  schedule on the filing of Vaughn Index/Declarations(s) followed by the filing of cross-

12  motions for summary judgment.

13

14      Executed under penalty of perjury under the laws of the United States on

15  November 17, 2022, at Los Angeles, California.

16                                 */s/ Paul B. La Scala*

17                                 PAUL B. LA SCALA

18

19

20

21

22

23

24

25

26

27

28